NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**THE PARALLAX GROUP INTERNATIONAL, LLC,**
*Plaintiff-Appellee*

**v.**

**INCSTORES LLC,**
*Defendant-Appellant*

---

2024-1798

---

Appeal from the United States District Court for the Central District of California in No. 8:16-cv-00929-JVS-DFM, Judge James V. Selna.

---

Decided: March 20, 2026

---

JOHN DAVID VAN LOBEN SELS, Sideman & Bancroft LLP, San Francisco, CA, argued for plaintiff-appellee.

MATTHEW A. PEQUIGNOT, Pequignot & Myers LLC, Kilauea, HI, argued for defendant-appellant.

---

Before MOORE, *Chief Judge*, CHEN, *Circuit Judge*, and KLEEH, *Chief District Judge*.[1]

CHEN, *Circuit Judge*.

Defendant-Appellant Incstores (Incstores) LLC appeals the United States District Court for the Central District of California's denial of Incstores's motion for attorney's fees. *Parallax Grp. Int'l, LLC v. Incstores LLC*, No. 8:16-CV-929-JVS-DFMX, 2023 WL 9417497 (C.D. Cal. Dec. 6, 2023) (*Decision*). Under 35 U.S.C. § 285, a district court has the discretion, in "exceptional cases," to award reasonable attorney's fees to a prevailing party in a patent litigation. In denying Incstores's motion, the district court found that (1) Parallax Group International, LLC (Parallax) was not liable for inequitable conduct, and (2) the circumstances did not support an exceptional case finding. We *affirm*.

BACKGROUND

Parallax is the owner of U.S. Patent No. 9,289,085 ('085 patent) and U.S. Patent No. D543,764 (D764 patent), which are directed to dual-color interlocking floor mats. Mr. Bruce Thrush is the named inventor of both patents.

On January 17, 2006, Parallax's counsel, Mr. Robert Fish filed the application that issued as the D764 patent, which is related to U.S. Patent Application No. 11/105,182 ('182 Application) through a shared parent application, U.S. Application No. 29/203,027 ('027 Application).[2] Concurrently with the application, he filed a preliminary

---

[1]    Honorable Thomas S. Kleeh, Chief District Judge, United States District Court for the Northern District of West Virginia, sitting by designation.

[2]    The D764 patent is a division of the '027 Application, and the '182 Application is a continuation-in-part of the '027 Application.

amendment stating, "[t]he applicant knows of no prior art interlocking mats having multiple layers which are either textured on both sides, or where the layers have different colors." J.A. 512. Several months after the D764 patent application was filed, but before the patent issued, Mr. Fish became aware of the D'Luzansky[3] and Chang[4] references—prior art which taught dual-color mats—from Office Actions rejecting claims in the '182 Application. *See Decision*, 2023 WL 9417497, at *7. The D764 patent issued on June 5, 2007. The '085 patent issued on March 22, 2016 from an application that was a continuation of the '182 Application.

On May 20, 2016, Parallax filed a complaint against Incstores alleging several of Incstores's mat products infringed Parallax's '085 and D764 patents. J.A. 124–25. In response, Incstores filed requests for *ex parte* reexamination at the U.S. Patent and Trademark Office (Patent Office) against the D764 and '085 patents.

In June 2017, the district court granted summary judgment of invalidity for the D764 patent based on a 35 U.S.C. § 103 challenge in view of the EVAHWCG[5] reference but denied summary judgment of invalidity for the '085 patent. J.A. 1257. On March 21, 2018, the district court *sua sponte* stayed the case pending the resolution of the ongoing *ex parte* patent reexaminations. *See* J.A. 101.

In May 2021, a patent examiner issued a final rejection of the D764 patent claims based on Wu[6] in combination with D'Luzansky which Incstores did not appeal. J.A. 11456–62. And in September 2021, this Court affirmed the

---

[3]   U.S. Patent No. 5,052,158.

[4]   U.S. Patent No. 6,588,167.

[5]   Screenshots of Karate and Tae Kwon Do mats. *See* J.A. 574–75.

[6]   Chinese Patent No. CN3235199.

Patent Office's rejection of all claims in the '085 patent in view of Koffler[7] in combination with other references. *In re Parallax Grp. Int'l, LLC*, 858 F. App'x 358 (Fed. Cir. 2021) (per curiam).

The district court entered judgment in favor of Incstores on August 31, 2022. *See Decision*, 2023 WL 9417497, at \*1. The court still conducted a bench trial on September 26, 2023 for Incstores's inequitable conduct claim, because it was relevant to Incstores's motion for an exceptional case finding and attorney's fees under 35 U.S.C. § 285.

After a thorough assessment of Incstores's arguments, the district court denied Incstores's attorney's fees motion. For the inequitable conduct allegation, the court held Incstores failed to demonstrate by clear and convincing evidence that Parallax, in the course of prosecuting the '085 and D764 patents, acted "with a specific intent to deceive the [Patent Office]." *Id.* at \*7–8 (quoting *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009)). The district court also considered the "totality of the remaining circumstances," determining that Incstores's arguments did not warrant an exceptional case finding. *Id.* at \*10–11.

Incstores filed a motion to amend the attorney's fees decision, alleging errors under FED. R. CIV. P. 52, 59, and 60, which the district court denied on April 5, 2024. *Parallax Grp. Int'l, LLC v. Incstores, LLC*, No. SACV 16-00929 JVS (DFMX), 2024 WL 3078228, at \*1 (C.D. Cal. Apr. 5, 2024) (*Amendment Order*).

Incstores timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

---

[7]    International Patent PCT No. WO 02/068515.

## DISCUSSION

### I.    Inequitable Conduct

Incstores contends that Mr. Fish's inaccurate statements to the Patent Office require a finding that Mr. Fish specifically intended to deceive the agency. Incstores also requests this Court re-do the district court's witness credibility analysis in light of an alleged discrepancy in Mr. Fish's testimony. *See* Appellant Br. 47.

"We review the district court's findings on the threshold issues of materiality and intent for clear error." *Cargill, Inc. v. Canbra Foods*, *Ltd.*, 476 F.3d 1359, 1364 (Fed. Cir. 2007) (citation omitted). Under this deferential standard, we find Incstores's arguments unavailing.

The district court found that Mr. Fish credibly testified that (1) he was unaware of either D'Luzansky or Chang when he filed the preliminary amendment, and (2) he did not disclose the two references when he learned of them because he did not consider them material to the novelty or nonobviousness of the design. *See Decision*, 2023 WL 9417497, at \*7. The district court noted that the standard for design patents is based on the perspective of an "ordinary observer," and when designs are close, "small differences . . . [are] likely to be important to" that observer. *Id.* at \*7–8 (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 676 (Fed. Cir. 2008)). The district court also noted that the Patent Office relied upon a different reference, Wu, as the primary reference to cancel the D764 patent claim during reexamination, rather than either D'Luzansky or Chang; that choice by the Patent Office reasonably supported Mr. Fish's personal view that those references were not material, and in turn the district court's finding that Mr. Fish lacked a specific intent to deceive. *See* J.A. 11456–62. We see no clear error in the district court's findings.

Incstores challenges Mr. Fish's overall credibility by highlighting certain allegedly inconsistent statements he made relating to his role during the litigation's pre-filing investigation. However, "[t]he district court is best suited to make credibility determinations," *Refac Int'l, Ltd. v. Lotus Dev. Corp.*, 81 F.3d 1576, 1582 (Fed. Cir. 1996) (citations omitted), and it did so here. The district court noted the discrepancy and reasonably determined, "[b]ased on the totality of the circumstances," that it did not err in its credibility analysis. *See Amendment Order*, 2024 WL 3078228, at *10.

## II.    Exceptional Case

Incstores next argues the district court's failure to make an exceptional case finding was in error because Parallax "argue[d] contradictory positions depending on whether validity or infringement [of the '085 patent] [wa]s at issue." Appellant Br. 51. For example, Incstores argues the '085 specification "says that there was a delamination problem in dual color mats that was solved with undulations and matching [coefficients of thermal expansion] CTEs" but the inventor, Mr. Thrush, "testified that he wasn't even aware of dual color mats in the prior art; didn't solve delamination; and matching CTEs was common sense." *Id.* at 50–51.

"We review a district court's factual determinations underlying an exceptional case finding for clear error." *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359, 1365 (Fed. Cir. 2013) (citation omitted). Again, Incstores identifies no clear error.

Incstores cherry-picks statements from Mr. Thrush and compares them to disclosures in the '085 specification written by his counsel. The district court carefully took these statements into account. In addressing potential gaps between '085 patent disclosures and statements by Mr. Thrush, the district court, among other things, noted Mr. Thrush's explanation. *Decision*, 2023 WL 9417497, at

*8 ("As a layman, [he] rel[ies] on [his] patent counsel to interpret the description of [his] invention and expand upon it in the patent application.").

There is no clear error in the district court's analysis. Incstores's dispute lies in differences between testimony from a layman inventor and his counsel. These minor differences do not amount to an exceptional case under this Court's precedent. *See OneSubsea IP UK Ltd. v. FMC Techs., Inc.*, 68 F.4th 1285, 1294 (Fed. Cir. 2023) (stating that an exceptional patent case "stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated.").

### CONCLUSION

We have considered Incstores's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

**AFFIRMED**